UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERARDO UMANA,<br>    *Plaintiff*, | )<br>)<br>) | CASE NO. 3:24-cv-108 (KAD) |
| v. | )<br>) | |
| MARTIN O'MALLEY, Commissioner of<br>the Social Security Administration,<br>    *Defendant*. | )<br>)<br>) | NOVEMBER 6, 2024 |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION TO REVERSE (ECF NO. 16) AND COMMISSIONER'S MOTION TO AFFIRM (ECF NO. 18)**

Kari A. Dooley, United States District Judge:

Plaintiff Gerardo Umana ("Plaintiff" or "Umana") brings this administrative appeal pursuant to 42 U.S.C. § 405(g). He appeals the decision of defendant Martin O'Malley, Commissioner of the Social Security Administration ("Administration"), denying his application for disability benefits pursuant to Title II of the Social Security Act ("Act") and for supplemental security income pursuant to Title XVI of the Act. Plaintiff moves to reverse the Commissioner's decision on the basis that Plaintiff's residual functional capacity (RFC) determination was not supported by substantial evidence. Alternatively, he seeks a remand for further proceedings before the Commissioner. In response, the Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record and is based upon the correct application of legal standards, and thus should be affirmed. For the reasons set forth below, the Plaintiff's Motion to Reverse, ECF No. 16, is DENIED, and the Commissioner's Motion to Affirm, ECF No. 18, is GRANTED.

**Standard of Review**

A person is "disabled" under the Act if that person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). In addition, a claimant must establish that their physical or mental impairment or impairments are of such severity that they are not only unable to do their previous work but "cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* § 423(d)(2)(A).

Pursuant to regulations promulgated by the Commissioner, a five-step sequential evaluation process is used to determine whether a claimant's condition meets the Act's definition of disability. *See* 20 C.F.R. § 404.1520. In brief, the five steps are as follows: (1) the Commissioner determines whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509" or a combination of impairments that is severe and meets the duration requirements; (3) if such a severe impairment is identified, the Commissioner next determines whether the medical evidence establishes that the claimant's impairment "meets or equals" an impairment listed in Appendix 1 of the regulations[1]; (4) if the claimant does not establish the "meets or equals" requirement, the Commissioner must then determine the claimant's residual functional capacity ("RFC") to perform their past relevant work; and (5) if the claimant is unable to perform their past work, the Commissioner must finally determine whether there is other work in the national economy which the claimant can perform in light of their RFC, education, age, and work experience. *Id.*

---

[1] Appendix 1 to Subpart P of Part 404 of C.F.R. 20 is the "Listing of Impairments."

§§ 404.1520(a)(4)(i)–(v), 404.1509.  The claimant bears the burden of proof with respect to Steps One through Four and the Commissioner bears the burden of proof as to Step Five.  *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).

The fourth sentence of Section 405(g) of the Act provides that a "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).  And it is well settled that a district court will reverse the decision of the Commissioner only when it is based upon legal error or when it is not supported by substantial evidence in the record.  *See Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotations omitted).  The court does not inquire as to whether the record might also support the plaintiff's claims but only whether there is substantial evidence to support the Commissioner's decision.  *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013).  Thus, substantial evidence can support the Commissioner's findings even if there is the potential for drawing more than one conclusion from the record.  *See Vance v. Berryhill*, 860 F.3d 1114, 1120 (8th Cir. 2017).  The court can only reject the Commissioner's findings of facts "if a reasonable factfinder would have to conclude otherwise."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  Stated simply, "if there is substantial evidence to support the [Commissioner's] determination, it must be upheld."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

**Facts and Procedural History**

On September 13, 2021, Plaintiff applied for disability insurance benefits[2] pursuant to Title II of the Act,[3] and supplemental security income (SSI)[4] pursuant to Title XVI,[5] alleging an onset of disability date of December 31, 2018.  His claim was initially denied on October 4, 2021, and upon reconsideration on March 31, 2022.  Thereafter, a hearing was held before an Administrative Law Judge (ALJ) on October 24, 2022.  On November 30, 2022, the ALJ issued a written decision denying both of Plaintiff's applications for disability benefits and SSI.

At Step One, the ALJ found that Plaintiff has not been engaged in substantial gainful activity during the relevant time period.  At Step Two, the ALJ determined that Plaintiff had severe impairments, to wit, bipolar disorder and unspecified psychosis.  The ALJ also determined that Plaintiff had some minor or non-severe impairments, including hand tremors.  At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in the regulations.[6]  At Step Four, the ALJ found that the Plaintiff has the residual functional capacity (RFC) to perform medium work[7] subject to the following limitations:

> [Plaintiff] may never climb ladders, ropes, or scaffolds, can frequently climb stairs and ramps, balance, stoop, and crouch but never kneel or crawl.  He can perform frequent handing and fingering.  [Plaintiff] can perform simple, routine, repetitive tasks and he can sustain concentration, persistence, and pace for two-hour segments. He can have occasional interaction with supervisors, occasional, non-

---

[2] The regulations for disability and disability insurance are found at 20 C.F.R. § 404.900 *et seq.*

[3] 42 U.S.C. § 401 *et seq.*

[4] The regulations for supplemental security income are found at 20 C.F.R. § 416.1400 *et seq.*

[5] 42 U.S.C. § 1381 *et seq.*

[6] *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing qualifying impairments).

[7] Defined in 20 C.F.R. § 404.1567(c) as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work."

collaborative interaction with coworkers, and brief and superficial (defined as no more than ten percent) of the workday interacting with the public. The work should involve little to no changes in duties or routines and the work should not require independent judgment making (e.g. no setting duties or schedules for others and no responsibility for the safety of others).

Certified Social Security Trs. ("CAR"), ECF No. 12, at 35. The ALJ further found that Plaintiff could not perform any past relevant work. At Step Five, the ALJ concluded there are a significant number of jobs in the national economy that Plaintiff could perform, considering his age, education, work experience, and limitations in the RFC. Accordingly, the ALJ concluded that Plaintiff was not disabled under §§ 216(i) and 223(d) as of December 31, 2018, or thereafter.

Plaintiff submitted a request for further review of the ALJ's decision, which the Appeals Council denied on November 30, 2023. This timely appeal followed.

**Discussion**

Plaintiff challenges the basis for the ALJ's findings regarding the limitations occasioned by his mental impairments as well as his physical limitations in the determination at Step Four of Plaintiff's RFC.

A claimant's RFC is "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, an ALJ uses "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3); *see also Corbiere v. Berryhill*, 760 F. App'x 54, 57 (2d Cir. 2019) ("[T]he ALJ must weigh all the evidence to make a[n RFC] finding consistent with the record as a whole."). But it is the plaintiff's burden to provide evidence to establish any work-related limitations. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

As to the Plaintiff's mental impairments, Plaintiff argues the ALJ ignored crucial medical evidence by not adopting any one doctor's opinion and by not adopting the opinions of Plaintiff's psychiatrist, Dr. Tina Ayuso. In response, the Commissioner argues that the ALJ properly

5

evaluated Plaintiff's RFC by considering all of the proffered medical opinions, including certain treatment notes, and thus, substantial evidence supports the ALJ's RFC assessment. The Court agrees with the Commissioner.

When evaluating the weight of medical opinions, an ALJ is guided by the factors outlined in 20 C.F.R. § 404.1520c.[8] *See Rubin v. O'Malley*, 116 F.4th 145, 155 (2d Cir. 2024). The regulation requires the ALJ to "consider and articulate 'how persuasive the SSA finds all of the medical opinions and all of the prior administrative medical findings in the claimant's case record.'" *Id.* (alterations omitted) (quoting 20 C.F.R. § 404.1520c(b)). If two or more medical opinions are equally well-supported by the record, then the ALJ "must articulate how []he considered other factors, including the source's relationship with the claimant or level of specialization, as to each medical opinion or administrative finding." *Id.* (citing 20 C.F.R. § 404.1520c(b)(3), (c)). "In evaluating the persuasiveness of a medical opinion, an ALJ must consider five central factors, the two 'most important factors' being supportability and consistency." *Villier ex rel. N.D.D.R. v. Comm'r of Soc. Sec.*, No. 23-893, 2024 WL 2174236, at *2 (2d Cir. May 15, 2024) (summary order). Supportability is the extent to which a medical source uses "objective medical evidence" to support their opinions. *See* 20 C.F.R. § 404.1520c(c)(1). Consistency, on the other hand, refers to how "consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources . . . ." *Id.* § 404.1520c(c)(2).

Plaintiff argues that the ALJ erred in finding the treating source letters from Dr. Ayuso to be "less persuasive," and that he substituted his lay opinion for that of medical experts in

---

[8] For claims filed prior to March 27, 2017, the Commissioner and ALJs apply the "treating physician rule," found in 20 C.F.R. § 404.1527. *See Schillo v. Kijakazi*, 31 F.4th 64, 71 & n.1 (2d Cir. 2022). However, because Plaintiff's claim was filed after March 27, 2017, his claim is governed by the new regulations at 20 C.F.R. § 404.1520c. *See id.* at 71 n.1.

6

formulating Plaintiff's RFC. Pl.'s Mot. to Reverse, ECF No. 16, at 26. Dr. Ayuso's treating source letters, if found persuasive, would have supported a finding that Plaintiff is disabled. Notably, in largely rejecting Dr. Ayuso's opinions, the ALJ relied upon and credited Dr. Ayuso's treatment notes, which were made contemporaneously with her treatment of Plaintiff. As observed by the ALJ in explaining why Dr. Ayuso's opinion was less persuasive, the treatment notes were substantively inconsistent with her treating source opinion letters. CAR, ECF No. 12, at 39. For example, the ALJ noted that Dr. Ayuso's letters, which reflected that Plaintiff had "problems with activities of daily living (ADL's) and memory," were inconsistent with her treatment notes, which consistently revealed "coherent, logical thought process and intact memory and concentration." *Id.* It is manifest therefore, that the ALJ did not ignore Dr. Ayuso's opinion in formulating the RFC; he weighed the consistency of Dr. Ayuso's treating letters with her treatment notes and determined that Dr. Ayuso's notes were more persuasive. The ALJ's decision to rely on Dr. Ayuso's treatment notes, along with the opinions of the agency psychologist and other nonmedical evidence, was well within his discretion. And this evidence provided substantial evidence for the conclusions reached. *See, e.g.*, *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8–9 (2d Cir. 2017) ("Because the ALJ reached her RFC determination based on Dr. Wolkoff's contemporaneous treatment notes—while at the same time rejecting his *post hoc* medical opinion ostensibly based on the observations memorialized in those notes—that determination was adequately supported by more than a mere scintilla of evidence."); *Villier*, 2024 WL 2174236, at *3 (holding that the ALJ did not err in finding treating doctor's opinion unpersuasive "because they were not supported by [the doctor's] own notes").[9]

---

[9] The Second Circuit recently clarified that an ALJ need not rely fully on any specific medical opinion in order to properly formulate an RFC: "Nothing in the regulation indicates that an ALJ's ultimate determination of disability or assessment of RFC must comport with a specific medical opinion." *Rubin*, 116 F.4th at 155.

Plaintiff also argues that the ALJ erred in formulating the RFC and finding that Plaintiff can perform medium work because he failed to incorporate additional limitations based on Plaintiff's hand tremors and fatigue, both side effects of his medications. *See* Pl.'s Mot. to Reverse, ECF No. 16, at 31; Def.'s Mot. to Affirm, ECF No. 18, at 13–14.

But the ALJ did account for his hand tremors in formulating the RFC. *Id.* at 36 ("In light of the claimant's reports for tremors, the undersigned allows for medium work with postural and manipulative restrictions."). There is no basis to conclude that the ALJ ignored or discredited Plaintiff's physical limitations, other than Plaintiff's own subjective assessment of his inability to work. While an ALJ is required to consider the claimant's reports of pain or other limitations, he is "not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). "The ALJ has discretion to 'arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of pain alleged by the claimant.'" *Borelli v. Berryhill*, No. 3:18-CV-801 (VLB), 2019 WL 4233586, at *15 (D. Conn. Sept. 6, 2019) (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). The same can certainly be said of the extent and impact of Plaintiff's hand tremors or fatigue. And Plaintiff does not identify any record which would so undermine the ALJ's conclusion as to render it unsupported by substantial evidence.

On appeal, it is not the role of the Court to review the record *de novo*.[10] *See generally Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998); *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d

---

[10] Notwithstanding, the Court has reviewed the medical and other records cited by the ALJ as well as additional portions of the CAR both cited and not cited by the parties, in assessing whether the ALJ formulation of the RFC was supported by substantial evidence. The CAR is replete with entries revealing that Plaintiff was coherent and demonstrated no impairment to memory, concentration, or reasoning. *See e.g.*, CAR, ECF No. 12, at 739–77, 889–910. The CAR is also replete with entries that Plaintiff presented with normal strength and gait. *Id.* at 293–321, 407–77. In addition, the CAR reveals that Plaintiff enjoyed gardening, *id.* at 38, 442, was able to use public transportation, *id.* at 36, 55–56, 442, performed household chores, *id.* at 324, 794, enjoyed reading, *id.* at 442, 913, and engaged in walking as exercise, *id.* at 324, 442, 793, 913, all of which further supports the ALJ's RFC formulation. While it is clear that Plaintiff suffered two significant periods of impairment as a result of his mood disorder and/or

443, 448 (2d Cir. 2012) (holding that the Court may reject the Commissioner's findings "only if a reasonable factfinder would have to conclude otherwise" (quotation and emphasis omitted)). Indeed, the Court's assessment on review is "so deferential that there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012). Accordingly, the Court finds that the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Reverse (ECF No. 16) is DENIED and the Commissioner's Motion to Affirm (ECF No. 18) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of the Commissioner and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of November 2024.

                                             */s/ Kari A. Dooley*
                                             KARI A. DOOLEY
                                             UNITED STATES DISTRICT JUDGE

---

psychosis, the ALJ correctly observed that he responded well to treatment and was able to increase his functionality significantly when following his medical regimen. *Id.* at 37.